IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DURRELL WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 20-0415-KD-MU |
| | ) |
| LOUIS DEJOY, Postmaster General, | ) |
| United States Postal Service,[1] | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Defendant Louis DeJoy, Postmaster General of the United States Postal Service, has filed an amended motion to dismiss Plaintiff's complaint in this action, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, on the grounds that Plaintiff has failed to exhaust his administrative remedies and/or that his action was filed outside the applicable statute of limitations. (Doc. 24). This motion has been referred to the undersigned Magistrate Judge for entry of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. Gen. LR 72. Having reviewed and considered the relevant pleadings and briefs and the relevant law, the undersigned Magistrate Judge **RECOMMENDS** that Defendant's amended motion to dismiss Plaintiff's complaint be **GRANTED.**

---

[1] Louis DeJoy is now the Postmaster General of the United States and has, therefore, been substituted as the defendant in this action in lieu of Megan Brennan pursuant to Fed. R. Civ. P. 25(d).

## **UNDISPUTED FACTS**

Plaintiff Durrell Williams is a former United States Postal Service ("USPS") employee who was terminated October 24, 2006. (Doc. 1 at p. 2, PageID.2). Williams challenged his termination before the Equal Employment Opportunity Commission ("EEOC"). (*Id*.). On December 22, 2010, the EEOC issued a decision finding that Williams had been discriminated against based on race and sex. (*Id*.). The EEOC ordered the USPS to determine the appropriate amount of back pay owed Williams, with interest, and to investigate whether Williams was entitled to compensatory damages. (*Id*.). Appeals and petitions for enforcement followed for several years. (*Id*. at pp. 2-4, PageID.2-4). On July 15, 2016, the USPS issued a check to Williams for back pay in the amount of $183,654.14. (*Id*. at p. 3, PageID.3). The USPS deducted $96,883.52 from the gross back pay calculation for federal, state, Social Security, and Medicare taxes. (*Id*. at p. 4, PageID.4).

Williams filed a second petition for enforcement with the EEOC relating to the tax deductions. (*Id*.). On July 25, 2018, the EEOC issued its "Decision on Second Petition for Enforcement." (Doc. 1-1 at pp. 21-31, PageID.30-40). The introduction to the decision explains that the EEOC's order is responsive to Williams's "petition for enforcement to determine whether the Agency has complied with the Orders set forth in EEOC Petition No. 0420130028 (November 19, 2015) and EEOC Appeal No. 0120082510 (December 22, 2010), <u>request for reconsideration denied</u>, EEOC Request No. 0520110550 (September 6, 2012)." (*Id*. at p. 21, PageID.30). The EEOC determined that Williams "is entitled to compensation for the proven tax consequences of his receipt of a lump sum back pay award" and remanded to the USPS to determine

the amount due to Williams to compensate him for any additional tax liability. (*Id*. at p. 26, PageID.35). The decision held that Williams, "who bears the burden of proof, must submit evidence showing the difference between the taxes that he paid on the lump-sum payment and the taxes that he would have paid had the salary been earned over time." (*Id.*). The decision also stated that Williams "must provide exact and detailed calculations showing the amount he is claiming." (*Id*.). The July 25, 2018 decision also stated that Williams was not entitled to front pay. (*Id*. at p. 27, PageID.36).

Between issuance of the EEOC's July 25, 2018 order and August 26, 2019, Williams and the USPS exchanged several letters. Williams submitted one with tax calculations from a CPA. The USPS submitted one requesting copies of Williams's actual tax returns from 2006 through 2016 and an explanation of how the processing and/or awarding of the back pay claim adversely affected his tax liability. (Doc. 1 at pp. 4-5; PageID.4-5). On May 23, 2020, the USPS issued a Final Agency Decision ("FAD"). (Doc. 1-1 at pp. 132-36, PageID.141- 45). The FAD concluded that the information provided by Williams "was insufficient to calculate tax consequences," and therefore, his "claim for payment of any additional tax liability consequences" was denied because he "failed to submit the necessary information, evidence, and documentation as required to meet [his] burden of proof for increased tax liability." (Doc. 1-1 at pp. 135, PageID.144). The FAD was limited to the tax liability question; it did not address any claim for front pay or the merits of Williams's underlying discrimination claim or ordered relief.

The FAD also contained an explanation of Appeal Rights. (*Id*.). The FAD stated that if Williams was "dissatisfied with the Postal Service's final decision in this case, [he

3

could] file a civil action in an appropriate U.S. District Court within 90 calendar days of [his] receipt of the Postal Service's final decision." (*Id*.). The FAD stated, that "[a]lternatively, [he could] file an appeal with the Office of Federal Operations … within 30 calendar days of [his] receipt of this decision." (*Id*.). Williams did not appeal this Agency decision to the OFO. Instead, on August 21, 2020, Williams filed the instant complaint, appealing the USPS's FAD and asserting a separate claim for front pay. (Doc. 1). Williams seeks "an order directing the Postal Service to pay Plaintiff the additional $60,304.60 that he incurred as a result of receiving his back pay award in a lump sum instead of over the period of time he would have worked but for the Postal Service['s] discriminatory actions, and an "award of Front Pay to be based on the plaintiff's work life expectancy." (Doc. 1 at p. 7, PageID.7). On July 8, 2021, Defendant Louis DeJoy, Postmaster General, United States Postal Service (referred to herein as "USPS") filed an amended motion to dismiss Williams's complaint for failure to exhaust his administrative remedies and because the action was filed outside the applicable statute of limitations.

## STANDARD OF REVIEW

USPS argues that William's complaint is due to be dismissed, pursuant to Rule 12(b)(1), because this Court lacks subject matter jurisdiction due to William's failure to exhaust his administrative remedies. Subject matter jurisdiction is a threshold inquiry that must be established before the Court can proceed to evaluate a plaintiff's claims on the merits. *See, e.g., Douglas v. United States*, 814 F.3d 1268, 1280-81 (11th Cir. 2016) (noting that "[f]ederal courts are courts of limited jurisdiction" and that, if a federal "court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss

the action"). "[T]he party invoking the court's jurisdiction must prove, by a preponderance of the evidence, facts supporting the existence of jurisdiction." *Jory v. United States*, 562 F. App'x 926, 927 (11th Cir. 2014) (citing *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002)). "Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction can be asserted on either facial or factual grounds." *Carmichael v. Kellogg, Brown & Root Servs., Inc.,* 572 F.3d 1271, 1279 (11th Cir. 2009) (citing *Morrison v. Amway Corp.,* 323 F.3d 920, 925 n.5 (11th Cir. 2003)). "Facial challenges to subject matter jurisdiction are based solely on the allegations in the complaint," and when considering a facial challenge, "the court must … take the complaint's allegations as true." *Id.* "However, where a defendant raises a factual attack on subject matter jurisdiction, the district court may consider extrinsic evidence such as deposition testimony and affidavits." *Id.*

In *Bryant v. Rich*, 520 F.3d 1368,1374-76 (11th Cir. 2008), the Eleventh Circuit held that "exhaustion of administrative remedies is a matter in abatement and not generally an adjudication on the merits" and "should be decided on a Rule 12(b) motion to dismiss." The Court found that it is proper to consider facts outside of the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits and the parties are given sufficient opportunity to develop the record. *Bryant*, 520 F.3d at 1376 (citations omitted); *see Basel v. Sec'y of Defense*, 507 F. App'x 873, 875 (11th Cir. 2013) (applying this standard of review in a Title VII case); *Tillery v. U.S. Dep't of Homeland Sec.*, 402 F. App'x 421, 424 (11th Cir. 2010) (same); *Nodd v. Integrated Airline Servcs., Inc.*, 41 F. Supp. 3d 1355, 1363-64 (S.D. Ala. 2014) (same). Under *Bryant*'s two-step process,

> First, the court must look to the factual allegations in the defendant's motion and the plaintiff's response, taking the plaintiff's version of the facts as true to the extent that it conflicts with that of the defendant. If the complaint is not subject to dismissal at this step, the court must then make specific findings to resolve the parties' factual disputes, and determine whether the defendant bore its burden of proving that the plaintiff failed to exhaust his administrative remedies.

*Basel*, 507 F. App'x at 875 (internal citations omitted) (citing *Turner v. Burnside*, 541 F.3d 1077, 1082, 1082-83 (11th Cir. 2008)). In this case, the parties have agreed on the facts; therefore, the task for this Court is to determine whether the USPS has met its burden of proving that the plaintiff failed to exhaust his administrative remedies.

## DISCUSSION

In his complaint, Williams asserts two distinct claims for relief: 1) "an order directing the Postal Service to pay Plaintiff the additional $60,304.60 that he incurred as a result of receiving his back pay award in a lump sum instead of over the period of time he would have worked but for the Postal Services['s] discriminatory actions …" and 2) an "award of Front Pay to be based on the plaintiff's work life expectancy …." (Doc. 1 at p. 7, PageID.7). Williams's first claim for relief is based on his argument that the Postal Service has improperly heightened the burden of evidence required for him to prove his "increased tax liability" claim that the EEOC ruled he was owed and thereby paid him less than the total amount he claims he is owed. (*Id.* at pp. 4-6, PageID.4-6). As to his second claim for relief, Williams argues that he is entitled to front pay because the EEOC ordered the Agency to offer him reinstatement but in between the time of his unlawful termination and the time he was to be reinstated he became totally disabled. (*Id.* at pp. 6-7, PageID.6-7). Plaintiff first made a claim before the EEOC for front pay in his second petition for enforcement on or about February 8, 2017. (Doc. 1-1 at pp. 21,

6

24, PageID.30, 33). The EEOC determined on July 25, 2018, that Williams was not entitled to front pay. (*Id.* at p. 27, PageID.36). Williams did not appeal this agency decision until the filing of the instant complaint.

## A. Tax Claim

The Eleventh Circuit Court of Appeals has explained that there are two routes a Title VII plaintiff may use to obtain review on conclusion of the administrative process in federal court:

> *On conclusion of the administrative process,* a federal employee who prevails may sue in a federal district court to *enforce* an administrative decision with which an agency has failed to comply. *See Moore,* 780 F.2d at 1563; *see also* 29 C.F.R. § 1614.503(g). Alternatively, a federal employee unhappy with the administrative decision may bring a *claim in the federal district court and obtain the same de novo review* that a private sector employee receives in a Title VII action pursuant to 42 U.S.C. § 2000e–16(c). *See Chandler v. Roudebush,* 425 U.S. 840, 863, 96 S. Ct. 1949, 1960–61, 48 L.Ed.2d 416 (1976).

*Ellis v. England*, 432 F.3d 1321, 1324 (11th Cir. 2005) (emphasis added). Thus, an action for enforcement is brought under 29 C.F.R. § 1614.503(g), while one for review or additional relief is brought pursuant to 42 U.S.C. § 2000e-16(c). Although Williams claimed in the jurisdictional statement in his complaint that he was bringing this action pursuant to 42 U.S.C. § 2000e-16(c), it is clear that his first claim, which is based on the increased tax liability caused by his back pay being paid in a lump sum, is one for enforcement of the EEOC's decision awarding him that recovery because he is seeking an order from this Court enforcing the EEOC's award, not a *de novo* review of the award. As noted in *Ellis*, a claim may be brought in federal court "[o]n conclusion of the administrative process." Here, the administrative process had not been concluded, or

exhausted, because Williams did not bring his dispute with the USPS over its interpretation of the evidence needed to prove his increased tax liability to the EEOC for enforcement. He has only challenged this issue with the agency, here the USPS.

The Court finds the reasoning in *Goodridge v. Astrue*, Civ. A. No. 1:07-CV-1919-RLV-RGV, 2008 WL 11333936 (N.D. Ga. Apr. 28, 2008), instructive here. In *Goodridge,* the plaintiff, an employee of the Social Security Administration, filed a complaint against the SSA ("the Agency") for unlawful discrimination. *Id.* at *1. The EEOC issued a favorable decision to the plaintiff and remanded the matter to the Agency for remedial action. *Id.* The Agency filed a motion for reconsideration, which was denied by the Office of Federal Operations (OFO) in a final decision. *Id.* at *2. When the Agency allegedly failed to comply with the action directed by the EEOC, the plaintiff filed a civil action against the SSA under Title VII seeking judicial enforcement of the EEOC decision. *Id.* The SSA argued that the case should be dismissed because the plaintiff failed to exhaust her administrative remedies because she failed to file the required petition for enforcement with the EEOC prior to filing her complaint in federal court. *Id.* at *3.

In the instant case, like the plaintiff in *Goodrich,* Williams filed an action in federal court challenging the Agency's FAD in lieu of filing a claim for enforcement with the OFO - EEOC. The *Goodrich* Court explained the EEOC's role as follows:

> The EEOC plays a central role in enforcing its own decisions. Unlike the private sector, when the EEOC finds discrimination on the part of a federal agency, it may order the agency to take remedial actions. If the federal employee believes the agency is not in compliance with the EEOC's order, the employee may file a petition for enforcement with the EEOC. Once the employee files such a petition, the OFO division of the EEOC must take any necessary actions to ascertain

8

> whether the agency is implementing the decision of the Commission.

*Id*. at *3 (internal quotation marks and citations omitted). Once such a petition for enforcement is made to the OFO, if the "Commission has determined that an agency is not complying with a prior decision, … the Commission shall notify the complainant of the right to file a civil action for enforcement of the decision…." 29 C.F.R. § 1614.503(g); *see also Adcock v. Roche*, No. 5:04-CV-208(DF), 2006 WL 1285045, at *5 (M.D. Ga. May 5, 2006) (noting that "[a]s is indicated by the plain terms of subsection [1614.503](g), an employee's claim for judicial enforcement is proper only where the EEOC determines that the agency is not in compliance with its previous decision…). In finding that the plaintiff's claims were not exhausted and should be dismissed, the *Goodridge* court noted that, because the plaintiff did not file a petition for enforcement with the EEOC prior to filing her case in federal court, there was no determination by the EEOC of noncompliance on the part of the Agency. *Id.* at *4.

The EEOC was the entity that issued the order on Williams's petition for compliance in which it determined that Williams "is entitled to compensation for the proven tax consequences of his receipt of a lump sum back pay award" and remanded to the USPS to determine the amount due to Williams to compensate him for any additional tax liability. (Doc. 1-1 at p. 26, PageID.35). Williams is now challenging the method used by USPS to determine the amount due to Williams. The EEOC is clearly in a superior position to determine whether the USPS has properly complied with its remand order and should have been given the opportunity to do so.

Williams's argument that he has the right to appeal the USPS's final decision directly to this Court, without exhausting his administrative remedies, because the

USPS decision advised him that he had a right to appeal by filing "a civil action in an appropriate U.S. District Court," while seemingly persuasive, is not correct. This language cannot confer subject matter jurisdiction in this Court when the Court otherwise lacks jurisdiction, although it may (and should) be a factor considered at the administrative level relevant to equitable tolling.

**B. Claim for Front Pay**

Williams has also asserted in his complaint that he is entitled to front pay because the EEOC ordered the Agency to offer him reinstatement but in between the time of his unlawful termination and the time he was to be reinstated he became totally disabled. (Doc. 1 at pp. 6-7, PageID.6-7). Williams first made a claim before the EEOC for front pay in his second petition for enforcement on or about February 8, 2017. (Doc. 1-1 at pp. 21, 24, PageID.30, 33). The EEOC determined on July 25, 2018, that Williams was not entitled to front pay. (*Id.* at p. 27, PageID.36). Williams did not appeal this agency decision until the filing of the instant complaint on August 21, 2020.

Plaintiff's claim for front pay is not a claim for enforcement. As noted in the July 25, 2018 decision, which was decided at the administrative level years before the instant action, the EEOC stated: "Petitioner is not entitled to front pay. The Commission's Orders did not direct the Agency to provide such relief." (Doc. 1-1, PageID.36). Plaintiff failed to appeal that decision in time on its merits; therefore, Plaintiff is prohibited from resurrecting or "tacking on" this untimely and unexhausted claim to this litigation. Any civil action challenging an EEOC or agency decision must be filed within 90 days of receipt of the decision. The appliable statute of limitations to challenge a decision rendered in July of 2018 lapsed well prior to the filing of the

10

complaint in this action. Thus, any civil action challenging the EEOC decision as to an award of front pay is barred by the statute of limitations.

Based on the discussion above, the undersigned **RECOMMENDS** that Defendant's amended motion to dismiss Williams's complaint for lack of jurisdiction (Doc. 24) be **GRANTED.**

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. Gen. LR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection

that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

      **DONE** this the **29th** day of **October, 2021**.

                                        <u>s/P. BRADLEY MURRAY</u>
                                        UNITED STATES MAGISTRATE JUDGE